NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2577
_____

UNITED STATES OF AMERICA

v.

CHARLES HERMAN STATEN
a/k/a Chucky,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-10-cr-00179-001)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 21, 2014

Before:  FUENTES and FISHER, *Circuit Judges*, and JONES, *District Judge*.[*]

(Opinion Filed:  February 6, 2014)

---

[*] Honorable C. Darnell Jones, II, U.S. District Judge for the Eastern District of
Pennsylvania, sitting by designation.

OPINION

FUENTES, *Circuit Judge*:

A jury convicted Charles Herman Staten of two serious narcotics offenses. The District Court sentenced him to the mandatory minimum sentence: life imprisonment. Focusing on the District Court's refusal to grant him a new trial in light of the government's trial tactics and the District Court's decision to find the facts triggering the mandatory minimum itself, Staten appeals. We affirm.

## I. Background

Between August 2009 and May 2010, Charles Herman Staten bought and repeatedly sold crack cocaine. Law enforcement authorities documented Staten's conduct. Using confidential informants and surveillance, officers and agents built a record of his drug sales. They arrested him for that conduct in June 2010.

Originally, a grand jury charged Staten for a single narcotics offense. The grand jury later superseded that Indictment, however, charging him with two narcotics offenses relating to crack cocaine: distribution of and possession with intent to distribute 280 grams of a mixture containing cocaine base in violation of 21 U.S.C. § 841(a)(1); and conspiracy to distribute and possess with intent to distribute at least 280 grams of a mixture containing cocaine base in violation of 21 U.S.C. § 846. The grand jury named Anias Foster, Corey Palm, and Jason Simmons as co-defendants.

As the case proceeded toward trial, the District Court repeatedly appointed CJA counsel to represent Staten, and Staten repeatedly fired his CJA attorneys. Approximately two months before trial Staten once more complained about his court-appointed lawyer.

He asked to represent himself. The District Court relieved CJA counsel and granted Staten's motion to represent himself.

During a four-day trial, the government presented evidence that Staten repeatedly sold crack cocaine. The government constructed its case through the testimony of informants, who purchased crack cocaine from Staten, and law enforcement agents, who verified the transactions. The government also presented testimony that Staten obtained his drug product from Jamelle Brooks, either acting on his own behalf or arranging purchases through others.

The jury convicted Staten on both counts. It also returned a special verdict specifying that Staten was responsible for at least 280 grams of a mixture containing cocaine base on each count of conviction. Staten moved for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Staten contends that the government had taken advantage of his pro se status and had introduced inadmissible evidence at trial and had not proven the conspiracy for which Staten had been indicted. The District Court, in a careful and thorough opinion, denied the motion.

At sentencing, the District Court found that Staten had two prior drug felony convictions. Because the jury found that Staten's offenses involved more than 280 grams of crack cocaine, Staten's prior felonies triggered the mandatory minimum sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(vii). The District Court imposed the mandatory life sentence.

Staten appealed, challenging both his conviction and his sentence. We take jurisdiction from the final decision of the District Court pursuant to 28 U.S.C. § 1291.

## II. Trial

Staten contends that the District Court erred by denying his motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.[1] That rule permits a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Staten argues that justice requires a new trial because the government flouted his procedural and constitutional rights by, among other things, offering hearsay evidence, bolstering witness credibility, leading its witnesses, failing to sequester witnesses, offering irrelevant evidence, and improperly commenting on Staten's decision to represent himself. Taken together, he argues, the government's violations reveal an effort to obtain a conviction by taking advantage of his pro se status.

The District Court did not abuse its discretion in denying the motion. A district court may order a new trial "only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *Silveus*, 542 F.3d 993, 1004-05 (3d Cir. 2008) (quotation marks omitted) (quoting *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002)). We have reviewed Staten's arguments and the trial record. We note, as the District Court did, that the "trial was not perfect or error free." App'x 44. But Staten labels as inadmissible testimony and argument that was within the District Court's discretion to allow. As to the true errors, such as the leading of witnesses or the tolerance of irrelevant evidence, we cannot say that the District Court abused its discretion in concluding that they had not "so infected the jury's deliberations that they had a substantial influence on the outcome of the trial." *See United States v.*

---

[1] We review the denial of a motion for a new trial pursuant to Rule 33 for abuse of discretion. *United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008).

4

*Hoffecker*, 530 F.3d 137, 168 (3d Cir. 2008) (quotation marks omitted). Accordingly, we affirm.

### III. Indictment

Staten next contends that "the government's proof at trial was completely different than that alleged in the indictment" and thus "significantly prejudiced" him. In particular, Staten argues that the grand jury charged him with conspiring with certain individuals—his co-defendants Foster, Palm, and Simmons—but that the government instead proved him guilty of conspiring with Jamelle Brooks. We construe Staten to argue that the government's proof constituted an impermissible variance from the Superseding Indictment. [2]

The government's proof accorded with the Superseding Indictment. "A variance occurs when the charging terms are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment." *United States v. Balter*, 91 F.3d 427, 441 (3d Cir. 1996) (quotation marks omitted). Here, it does not appear that any variance occurred. Although the government proved that Staten conspired with Jamelle Brooks, who was not a named defendant, the Superseding Indictment alleged that Staten conspired with "persons both known and unknown to the grand jury." (Case No. 10 Crim. 179, Docket No. 28.) The government's proof at trial of one of those persons is thus consistent with the charge and not a departure from it. Moreover, the government elicited proof that Brooks worked with Palm to distribute crack cocaine, thereby linking Palm and

---

[2] "We exercise plenary review in determining whether there was a constructive amendment of the indictment and whether there was a variance between the indictment and the proofs at trial." *United States v. Daraio*, 445 F.3d 253, 259 (3d Cir. 2006).

Staten in the enterprise described in the Superseding Indictment. The government's failure to prove that Staten simultaneously conspired with Foster and Simmons does not show that the government convicted him of a different, uncharged conspiracy or that "it is likely to have surprised or otherwise has prejudiced the defense." *Daraio*, 445 F.3d 253, 262 (3d Cir. 2006). We see no basis for reversal.

## IV. Sentence

The District Court properly found the fact of Staten's prior convictions for the purposes of sentencing. Before his trial on these narcotics offenses, Staten had received two felony drug convictions. At sentencing, the District Court used the fact of Staten's prior convictions to discern the statutory mandatory minimum punishment. For 280 grams of a mixture containing cocaine base, and for an offender with two prior felony convictions, Congress has mandated life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(vii). Staten does not dispute that his prior convictions triggered a mandatory minimum life sentence. Instead, Staten contends that pursuant to *Alleyne v. United States*, a jury, not a judge, should have found the fact of his prior convictions. 133 S. Ct. 2151 (2013). Ordinarily, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* at 2155. But the U.S. Supreme Court has carved out a "narrow exception to this general rule for the fact of a prior conviction." *Id.* 2160 n.1; *see also United States v. Ordaz*, 398 F.3d 236, 240-41 (3d Cir. 2005). Thus, the District Court did not err in finding the fact of Staten's prior convictions.

## V. Conclusion

We affirm Staten's conviction and sentence. The District Court acted within its discretion in denying Staten's motion for a new trial. Although the government

introduced certain evidence in contravention of the Federal Rules of Evidence, the admission of that evidence did not require a new trial. Nor did the government's proof that Staten conspired with a person other than the named defendants require a new trial. A grand jury indicted Staten for conspiring with others to distribute a mixture containing cocaine base during a particular time. The government presented evidence of that conduct to the jury. Finally, given that a judge, rather than a jury, may find the fact of prior convictions, the District Court accurately determined that Staten's offense triggered a mandatory life sentence.